## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

DAVIDA WALKER                                                                PLAINTIFF

v.                                                              No. 3:22-cv-539-BJB

COMMISSIONER OF SOCIAL SECURITY                              DEFENDANT

\* \* \* \* \*

### MEMORANDUM OPINION & ORDER

Davida Walker—through counsel—appealed the Social Security Administration's denial of her request for benefits. DN 1 (Oct. 10, 2022). Before filing Walker's opening brief, however, her counsel moved to withdraw. DN 11. The Magistrate Judge granted this request and ordered Walker to retain new counsel within 30 days. DN 14 (Feb. 9, 2023). She apparently did not, so the Court ordered her to file her opening brief pro se within thirty days. DN 16 (Mar. 16, 2023). After Walker missed the deadline, the Magistrate Judge ordered Walker to "show cause" (that is, submit an explanation) why the Court shouldn't dismiss her appeal for failure to prosecute, based on her missed deadline. DN 17 (May 12, 2023). Walker then missed that deadline. Given her apparent failure to take action in the case during the four months after her attorney withdrew, the Court dismissed the case without prejudice under FED. R. CIV. P. 41(b) for failure to prosecute. DN 18 (June 21, 2023).

Later, in July 2023, the Clerk docketed a handwritten, pro se letter from Walker, dated May 24, 2023, forwarded to the Court through her former counsel. DN 20. Walker explained that she hadn't been aware that her attorney had withdrawn, had addressed the financial questions that apparently caused the lawyer to withdraw, wished to continue pursuing this case, and did not understand her obligations to respond to the Court's orders by the deadlines she missed. *Id.* The Court ordered the United States to respond to Walker's letter and state "whether her request should be construed and granted as a motion for relief from judgment under FED. R. CIV. P. 59 or 60." DN 21.

The United States took no position on whether the case should be reopened. But it stated that Walker's "motion to continue" was most analogous to a request to alter or amend a judgment under Rule 59(e) "because she filed the motion within 28 days of entry of the order dismissing the case." DN 22 at 1. True, courts have held that motions for reconsideration filed within the stricter Rule 59 time-limit are typically considered under that standard rather than the "somewhat more restrictive" standards of Rule 60(b). *See, e.g.*, *Lightfoot v. District of Columbia*, 355 F. Supp. 2d 414, 420–21 (D.D.C. 2005) (collecting cases). Yet Rule 59(e) motions also "serve a limited purpose"—and may be granted for only three reasons: "(1) because of an

1

intervening change in controlling law; (2) because evidence not previously available has become available; or (3) because it is necessary to correct a clear error of law or prevent manifest injustice." *Gritton v. Disponett*, 332 F. App'x 232, 238 (6th Cir. 2009) (cleaned up).  None of these reasons appear to track Walker's argument based on confusion about counsel.  *See* DN 20 at 1.

A reconsideration motion under Rule 60, meanwhile, appears to fit better. Undermining the Government's proposed distinction, a Rule 60(b) motion also may be made within 28 days—indeed, within any reasonable time not to exceed one year from entry of the judgment.  FED. R. CIV. P. 60(c).  And substantively it has "considerable overlap" with Rule 59(e).  Wright & Miller, FEDERAL PRACTICE & PROCEDURE § 2817 (3d ed.).  The grounds for relief under Rule 60(b)(1)—"mistake, inadvertence, surprise, or excusable neglect"—arguably track Walker's request more closely than Rule 59(e).  And because courts "liberally construe the briefs of pro se litigants," the Court views Walker's motion under the more appropriate Rule 60(b). *Tyson v. Christiansen*, No. 23-1406, 2023 WL 7298795, at *1 (6th Cir. July 10, 2023); *see also Abernathy v. United States*, No. 21-5629, 2022 WL 2359349, at *2 (6th Cir. Mar. 29, 2022) (construing a motion brought under Rule 59(e) as a Rule 60(b) motion because it was filed after the 28-day period); *Churchill v. Nowicki*, No. 3:20-cv-11, 2021 WL 428842, at *1 (W.D. Ky. Feb. 8, 2021) ("The Court may construe Plaintiff's motion to reconsider as brought under Federal Rule of Civil Procedure 59(e) or 60(b).").

Walker's situation is most analogous to excusable neglect under Rule 60(b)(1). "The Supreme Court has explained that for Rule 60(b) purposes, 'excusable neglect' includes 'situations in which the failure to comply with a filing deadline is attributable to negligence.'"  *Yeschick v. Mineta*, 675 F.3d 622, 629 (6th Cir. 2012) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993)).  To determine whether excusable neglect is present, courts examine "three factors: (1) culpability—that is, whether the neglect was excusable; (2) any prejudice to the opposing party; and (3) whether the party holds a meritorious underlying claim or defense." *Id.* at 628–29 (cleaned up).  Walker's unopposed, pro se motion meets this standard.  According to her motion, she was unaware that she was not represented for some time following her attorney's withdrawal.  DN 20 at 1.  This is plausible in light of her previous lawyer's motion to withdraw, which pointed to a relatively obscure relationship between the Treasury Offset Program, fee shifting under the Equal Access to Justice Act, and the law firm's compensation policy.  *See* DN 11 at 1–2.  When she realized the change in counsel, she thought she would have to open another case.  DN 20 at 1.  Nothing in the record from her former lawyer, the Court, or the Government contradicts this innocent explanation.  *See, e.g., Marshall v. Monroe & Sons, Inc.*, 615 F.2d 1156, 1161 (6th Cir. 1980) (finding excusable neglect when a pro se litigant failed to meet filing deadlines due to procedural confusion).

An order granting relief from the judgment, moreover, wouldn't appreciably prejudice the Government, which "takes no position on whether the Court should

grant or deny [Walker]'s request" because the Commissioner "did not file a motion to dismiss in this case." DN 22 at 1. The parties haven't taken substantial steps in the litigation. *Contra Yeschick*, 675 F.3d at 631; *Burnley v. Bosch Americas Corp.*, 75 F. App'x 329, 332 (6th Cir. 2003). The Commissioner has expended minimal resources (filing an answer), and no adjudication of the agency's ruling has occurred in federal court. Neither the Government nor the Court perceives any reasonable prejudice to reopening the case.

Finally, the underlying claim also justifies granting the motion. "The merit of a defense is evaluated not by whether it is likely to succeed on the merits; rather, the criterion is merely whether there is some possibility that the outcome of the suit will be contrary to the result achieved by the default." *Wilcox v. Kalchert*, No. 22-1444, 2023 WL 2576454, at *2 (6th Cir. Mar. 16, 2023) (cleaned up). As this case stands, Walker has not filed her opening brief and memorandum of law, and the Commissioner has filed only an answer. *See* DNs 9 & 18. Neither Walker nor the Commissioner has ruled out her success in this challenge, so it is certainly possible that a contrary result could be reached.

## ORDER

The Court therefore construes Walker's letter (DN 20) as a motion for relief under Rule 60(b)(1), grants the motion as unopposed, and orders the Clerk to reopen this case. The Court further orders Walker, within 60 days, to either a) retain counsel who can enter an appearance or b) submit a pro se memorandum of law (as ordered in DN 13).

Benjamin Beaton, District Judge
United States District Court

January 2, 2024